BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-cr-00158-DCN-2 |
| Plaintiff, | **RULE 11 PLEA AGREEMENT** |
| vs. | |
| CHRISTOPHER FOSS, a/k/a "CUTTY," | |
| Defendant. | |

Rev. May 2019

I.     **GUILTY PLEA**

    A.     <u>Summary of Terms.</u> Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant, the attorney for the Defendant, and the Government[1] agree that the Defendant will plead guilty to Count One of the Indictment, which charges the Defendant with Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d). The Defendant will also admit the asset forfeiture allegation in the Indictment.

    This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the Defendant's guilty plea, and the Defendant's full compliance with the other terms of this agreement, the Government will recommend a sentence within the guidelines range of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") as determined by the Court. The Government will also recommend that the sentence run concurrent with the Defendant's sentences from Minidoka County case CR06-3188 and Cassia County case CR08-5654.

    B.     <u>Oath.</u> The Defendant will be placed under oath at the plea hearing. The Government may use any statement that the Defendant makes under oath against the Defendant in a prosecution for perjury or false statement.

II.     **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

    The Defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the Defendant and to persist in that plea; 2) the right to a trial by jury, at which the Defendant would be presumed innocent and the burden would be on the Government to prove the Defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the Defendant was guilty of the

---

[1] The word "Government" in this agreement refers to the United States Attorney for the District of Idaho.

offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the Defendant. If the Court accepts the Defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

A. **Elements of the Crime.** The elements of the crime of Conspiracy to Participate in a Racketeering Enterprise, 18 U.S.C. § 1962(d), as charged in Count One, are as follows:

1. The existence of an enterprise;

2. The enterprise was engaged in, or its activities affected, interstate or foreign commerce;

3. The defendant, and/or a co-conspirator, was associated with the enterprise, and;

4. The defendant knowingly agreed that he or a co-conspirator would participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

An "enterprise" is defined as any individual, partnership, corporation, association, or other legal entity, and any group of individuals associated in fact although not a legal entity. *See* 18 U.S.C. § 1961(4).

"Racketeering activity" is defined as any one of the criminal acts listed in 18 U.S.C. § 1961(1), and includes acts involving extortion chargeable under state law and punishable by imprisonment for more than one year, dealing in a controlled substance chargeable under state law and punishable by imprisonment for more than one year, and acts indictable under 18 U.S.C. § 1956 (relating to money laundering) and 21 U.S.C. §§ 841(a) and 846 (relating to trafficking of controlled substances). *See* 18 U.S.C. § 1961(1).

A "pattern of racketeering activity" is defined as at least two acts of racketeering activity, one of which occurred after October 15, 1970, and one of which occurred within ten years

(excluding any period of imprisonment) after the commission of a prior act of racketeering activity. *See* 18 U.S.C. § 1961(5).

    **B.**    **Factual Basis**. If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

The defendant has been in and out of the custody of the Idaho Department of Correction ("IDOC") since 2007. Beginning by at least 2009, the defendant has been a member of an enterprise called the "Aryan Knights" ("AK"), a prison gang that operates within IDOC prison facilities but also outside of IDOC facilities in the District of Idaho. It was founded to organize criminal activity for a select group of white inmates within IDOC custody. The defendant has held various positions of rank in the AK.

The AK is an enterprise as defined in 18 U.S.C. § 1961(4). The AK is an ongoing organization formed approximately twenty years ago that continues to function today. The AK has defined membership requirements, a code of conduct, methods of identifying members, a common or shared purpose, including a white supremacist ideology, a continuity of structure, and an ascertainable structure. The AK's code of conduct includes, but is not limited to, carrying out orders and submitting to discipline from the leaders of the gang and sharing any revenue from criminal activities with the gang leadership for redistribution.

The AK's activities affect interstate commerce. The AK derives its revenue from, among other things, extortion and smuggling and distributing controlled substances into IDOC facilities. The controlled substances that the AK distributes are manufactured outside of the state of Idaho and travel in interstate commerce.

The defendant was associated with the AK enterprise since at least 2009 and helped to recruit new members.

The defendant knowingly agreed that he or a co-conspirator would participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. Among other things, AK members were ordered by AK leaders, including the defendant, to engage in criminal activity. As part of his participation in the AK, the defendant frequently communicated with other members of the AK about participating in collecting debts, extortion in IDOC prison facilities to be committed by AK members.

As part of the racketeering conspiracy, the defendant either participated in, or understood that other AK members would participate in, the following predicate acts:

    a. Beginning by the late 2000s and continuing through the present, the AK conspired to, and actually did, smuggle significant quantities of drugs, typically methamphetamine, into IDOC prison facilities. The AK then distributed the drugs to other members, sold the drugs to other inmates, distributed and shared the proceeds, and personally used the drugs. AK members and associates smuggled drugs into IDOC in a variety of ways, including visitation contacts and contacts with associates during medical appointments outside of IDOC facilities. The defendant is among the AK members who have participated in smuggling drugs into IDOC facilities and distributing the drugs and collecting drug debts. For example:

        i. In September 2016, the defendant was selling methamphetamine that was being smuggled into IDOC through visitation. The defendant distributed the drugs to AK members and other inmates. The defendant tested positive for methamphetamine in a urinalysis test and was sent to administrative segregation.

    b. In 2016, another inmate was able to smuggle a cell phone into the IDOC facility where he lived. The AK found out and an AK prospect assaulted that inmate for not "paying taxes" to the AK for possessing the contraband cell phone. The inmate then tried to make payments to the AK for his safety. The defendant and other AK members caused the inmate to purchase a package of commissary goods costing $189 and provide it to AK members by creating a fear that if the inmate did not, the defendant or other AK members would physically injure him. The defendant ultimately received the commissary. The inmate then made other payments to AK members, including the defendant.

**IV.   SENTENCING FACTORS**

    **A.   Penalties.** A violation of Conspiracy to Participate in a Racketeering Enterprise, as charged in Count One of the Indictment is punishable by:

        1.   a term of imprisonment of up to life;

        2.   a term of supervised release of not more than 5 years;

        3.   a maximum fine of $250,000; and

        4.   a special assessment of $100.

    **B.   Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to its length.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime(s) to which the Defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and prosecution.

    **C.   Fines and Costs.** The Court may impose a fine. No agreement exists as to its amount of the fine. The Court may also order the Defendant to pay the costs of imprisonment, probation, and supervised release.

**D.** **Special Assessment.** The Defendant will pay the special assessment(s) before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724

**E.** **Forfeiture.** The Court will enter a forfeiture order as part of the Defendant's sentence. The Defendant will immediately forfeit to the Government the property set out in: this Agreement, the charging document to which the Defendant is pleading, and any Bill of Particulars. Defendant agrees that those documents provide statutory authority for forfeiture.

**1.** Additionally, Defendant agrees to forfeit the following.

a. **Forfeiture Money Judgment for Unrecovered Property.** The Court may impose forfeiture of a monetary sum, or money judgment, equivalent to unrecovered property including unrecovered proceeds of the offense of conviction obtained and controlled by the Defendant, property derived from or traceable to such proceeds, and/or unrecovered property the Defendant used to commit or facilitate the offense, as authorized by applicable statutes.

b. **Substitute Assets Up To the Value of Unrecovered Property Subject to Forfeiture.** Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Defendant agrees to forfeit substitute assets, or any other property of the Defendant up to the value of any unrecovered property subject to forfeiture. Post-sentencing forfeiture of substitute assets does not entitle the Defendant to resentencing.

**2.** Defendant makes the following additional agreements and waivers related to forfeiture.

a. Regarding the above property, the Defendant: (a) is the sole owner, unless otherwise set out herein; (b) hereby withdraws any claims filed in any administrative or civil forfeiture proceeding; (c) agrees to assist fully in the forfeiture and to take all steps necessary

to pass clear title to the Government; (d) will testify truthfully in any forfeiture proceeding and will not assist a third party in asserting a claim; (e) agrees to administrative or civil forfeiture, or abandonment, if the Government does not pursue criminal forfeiture; and (f) agrees that variations or errors in serial numbers or property descriptions shall not affect forfeiture.

    b. Forfeiture is separate from all other penalties, including fines and restitution. As with other penalties, the Court will determine forfeiture at sentencing. Any stated or pleaded forfeiture amount is an "at least" amount and the Court may impose greater or additional forfeitures. The Defendant waives requirements regarding notice and pronouncement of forfeiture, including: (a) in charging documents, (b) at the change of plea hearing, (c) at sentencing, and (d) in the judgment. *See* Fed. R. Crim. P. 11(b)(1)(J), 32.2, and 43(a).

    c. The Defendant waives all challenges and objections, on any grounds, to any forfeiture in accordance with this agreement. If this agreement is withdrawn for any reason, the Defendant waives the right to contest all administrative and civil forfeitures that began before the withdrawal. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims related to seizures or forfeiture in this case or the related investigation. The forfeiture provisions of this agreement will survive the Defendant's death and bind the Defendant's heirs, successors and assigns until forfeiture is fully collected. Any forfeited property directed to victims shall not be returned even if Defendant's conviction is overturned or abated.

    d. The District Court shall retain jurisdiction to consider and rule on forfeiture and related issues, unless a higher Court directs otherwise.

## V. SEIZED PROPERTY: ABANDONMENT AND WAIVER

The Defendant abandons, releases, and waives any interest in property seized or otherwise obtained by the Government or law enforcement in this case unless specific exceptions are noted

in this agreement. Such property will be disposed of, destroyed, sold, or transferred in the Government's sole discretion. Such disposition shall not constitute satisfaction of any assessment, fine, restitution, forfeiture, cost of imprisonment, or any other penalty that this Court may impose.

## VI. UNITED STATES SENTENCING GUIDELINES

**A. Application of Sentencing Guidelines.** The Court must consider the U.S.S.G. in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. § 1B1.3.

The Court is not a party to this agreement and the agreement does not bind the Court's determination of the U.S.S.G. range. The Court will identify the factors that will determine the sentencing range under the U.S.S.G. The Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that this agreement does not bind the Court, the parties agree to the recommendations and requests set forth below.

**B. Sentencing Guidelines Recommendations and Requests.**

**1. Government's Statements at Sentencing.** The Government reserves the right to allocute fully at sentencing regarding any sentencing recommendation. The Government may rely on or submit any information, including relevant conduct, in support of its recommendation regardless of whether the agreement or the pre-sentence investigation report contain this information. Any exception must be specified in this agreement.

**2. Acceptance of Responsibility.** If the Defendant clearly accepts responsibility for the offense, the Defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following

conditions are met: (1) the Defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the Defendant has timely notified authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the Defendant fails to meet U.S.S.G. § 3E1.1's criteria, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or decline to make the motion.

        3.    **Downward Departure or Variance Request by Defendant.** The Defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a) unless he is determined to be a career offender under U.S.S.G. § 4B1.1. If the Defendant is determined to be a career offender under U.S.S.G. § 4B1.1, Defendant will not seek a downward departure or variance below what the low-end of guidelines range would have been without the career offender determination.

        4.    **Guidelines Calculation.** The parties agrees to the following:

            a.    The base offense level is 28 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(6) for distributing, conspiring to distribute, and possessing with the intent to distribute at least 350 grams but less than 500 grams of methamphetamine.

            b.    The enhancement for use of violence, credible threat to use violence, or directing the use of violence, pursuant to U.S.S.G. § 2D1.1(b)(2), applies.

            c.    The enhancement for distribution of a controlled substance in a correctional facility or prison, pursuant to U.S.S.G. § 2D1.1(b)(4), applies.

There are no other agreements regarding the offense level.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the Defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. This waiver includes any challenge to the constitutionality of any statute of conviction including arguments that the admitted conduct does not fall within any statute of conviction.

The Defendant acknowledges that this waiver will result in the dismissal of any direct appeal or collateral attack the Defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and allow the Government to withdraw from it, as well as to take other remedial action.

If the Defendant believes the Government has not fulfilled its obligations under this agreement, the Defendant will object at the time of sentencing; further objections are waived.

F. **Exceptions:**

1. **Direct Appeal:** Notwithstanding subparagraph A, the Defendant may file one direct appeal if one of the following unusual circumstances occurs:

   a. the sentence imposed by the Court exceeds the statutory maximum;

   b. the Court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

   c. the Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the Court.

The Defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

      **2.**      **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the Defendant may file an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The Defendant agrees to provide financial information and any other information requested by a representative of the United States probation office for use in preparing a pre-sentence investigation report, and agrees that the United States probation office may share all financial information with the Government. Failure to execute releases or to provide information for the pre-sentence investigation report violates this agreement and relieves the Government of its obligations from it. Such failure by the Defendant and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the Defendant to additional penalties, including an enhancement under U.S.S.G. § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The Defendant agrees to disclose all the Defendant's assets and sources of income to the Government, including all assets over which the Defendant exercises or exercised direct or indirect control, or in which the Defendant has had any financial interest. This includes all community property. The Defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the Government. The Defendant agrees truthfully to complete a personal financial statement within 14 days from the date the Defendant signs this agreement or from the date the financial statement is provided to the Defendant or counsel, whichever is later. The Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within 7 days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the

financial statements may constitute failure to accept responsibility under U.S.S.G. § 3E1.1, as well as other things.

The Defendant authorizes the Government: (a) to obtain a credit report on the Defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain all financial records related to the Defendant.

Before sentencing, Defendant agrees not to dissipate any assets without the consent of both the Government's financial litigation unit and asset forfeiture unit. If any assets are sold, any sale proceeds will be deposited with the Clerk of Court and, upon sentencing, paid toward any monetary penalties ordered in the judgment.

## X. NO RIGHT TO WITHDRAW PLEA

The Defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The Defendant cannot withdraw from this agreement or the guilty plea, regardless of the Court's actions.

## XI. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the Defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the Defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from this agreement in its entirety. In addition, if the Government determines after sentence is imposed that the Defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that charge(s) may be re-prosecuted.

The Government's election to pursue any of the above options provides no basis for the Defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B. **Defendant's Waiver of Rights.** If the Defendant fails to keep any promise made in this agreement, the Defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the Defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the Defendant's failure to keep this agreement, the Defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the Defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The Defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII. MISCELLANEOUS

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the Defendant or to the attorney for the Defendant. This agreement does not prevent any Governmental agency from pursuing civil or administrative actions against the Defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate Governmental entities other than that specified as the Government in this agreement (i.e., the United States Attorney's Office for the District of Idaho).

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the Defendant's notification of acceptance of this agreement no later than 5:00 p.m. on February 28, 2020.

## XIII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the Defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____          __2/19/20_____
JOSHUA D. HURWIT                   Date
FRANCIS J. ZEBARI
Assistants United States Attorney

## XIV. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including entering a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that

I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____ 2/18/20
CHRISTOPHER FOSS                   Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. This document accurately sets forth the entirety of the agreement. I have conveyed all written offers from the Government to the Defendant pursuant to Missouri v. Frye, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement is a formal plea offer from the Government. Any oral discussions between the Government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer valid and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____ 2-18-20
CRAIG DURHAM                       Date
Attorney for the Defendant