BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>     vs.<br><br>CHRISTOPHER FOSS, a/k/a "CUTTY,"<br><br>              Defendant. | Case No. 19-cr-00158-DCN-2<br><br>**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |

The United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorneys for the District of Idaho, submits the following memorandum setting forth the Government's position at sentencing.  The government recommends that the Court sentence the defendant to a term of imprisonment of 262 months to run concurrent with the Defendant's sentences in Minidoka County case CR06-3188 and Cassia County case CR08-5654.

## BACKGROUND

On May 14, 2019, the Defendant was charged, along with nine co-defendants, with a single count of Conspiracy to Participate in a Racketeering Enterprise, in violation of 18

**GOVERNMENT'S SENTENCING MEMORANDUM - 1**

§ 1962(d)—Count One.  This case arises from Defendant's membership in and participation in an Idaho prison gang called the Aryan Knights ("AK").

On March 10, 2020, the Defendant entered a plea of guilty to Count One of the Indictment.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework that district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)   Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)   Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3)   If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4)   Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

## SENTENCING CALCULATION

I.   **Statutory Maximum and Minimum Sentence**

The maximum term of imprisonment for the Defendant's conviction on Count One is up to life in prison.  18 U.S.C. § 1962(d).

The maximum fine is $250,000.  18 U.S.C. § 3571(b).

The Court may impose a term of supervised release of not more than five years.  18 U.S.C. § 3583(b)(1).

**GOVERNMENT'S SENTENCING MEMORANDUM - 2**

**II.**     **United States Sentencing Guidelines Calculation**

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

**A.**     **Offense Level Calculation**

Probation calculated the Defendant's offense level in this case to be 33.  (PSR ¶ 90.)  The Government agrees with this calculation.

**B.**     **Criminal History Calculation**

Probation calculated the Defendant's criminal history to be Criminal History Category V. (PSR ¶ 107.)

**C.**     **Advisory Guideline Range**

Based on the foregoing, Probation calculated the Defendant's advisory guideline range to be 210 to 262 months.  (PSR ¶ 130.)  The Government agrees with this calculation.

## IMPOSITION OF SENTENCE

**I.**     **Imposition of a Sentence under 18 U.S.C. § 3553**

**A.**     **18 U.S.C. § 3553(a) factors**

**1.**     **The nature and circumstances of the offense**

The AK is a scourge within the Idaho Department of Correction ("IDOC") facilities.  The gang engages in many types of criminal activity and casts shadows of intimidation, addiction, and violence over prison life.  The gang operates in ways that drain IDOC's resources and detract from its rehabilitative mission.

As detailed in the Government's Objection to the PSR, the Defendant was one of the few AK member who rose to the status of overall leader of the gang.  (ECF No. 228.)  He obtained this position by at least 2016 and held it through the date of the indictment.  In this role,

**GOVERNMENT'S SENTENCING MEMORANDUM - 3**

Defendant set rules, policies, and illegal objectives for the gang.  He could also promote AK members, demote AK members, and order violent assaults.  This was exemplified when the Defendant's co-leader of the gang (and co-defendant here) Harlan Hale began pushing for a war with another gang in IDOC.  A lower-ranking AK member openly opposed the idea and disobeyed an order to commit an assault on a rival gang member.  Both the Defendant and Hale thereafter notified this AK member that his rank was stripped.  Within days, this AK member was assaulted by other members from the AK.

Even prior to assuming the "No. 1" position within the AK, the Defendant was one of the cabal of leaders that increased drug smuggling (and use) in IDOC facilities and terrorized other inmates with threats and actual violence.  For example, the Defendant led specific, documented AK drug distribution and extortion schemes.  The Defendant also ordered subordinate AK members to attack another who owed a drug debt and was involved in the gang's gambling operations.

In sum, the Defendant's participation in gang activities were substantial and justify the Government's recommended high-end sentence.

       2.      The history and characteristics of the defendant

There is no doubt that the Defendant is a violent individual.   His criminal history includes convictions for aggravated assault and voluntary manslaughter.

As the record makes clear, the Defendant continued his violent ways when he entered IDOC.  There is no justification for his decision to join the AK, and his efforts to climb the chain of command is disturbing.  This Defendant made the gang more violent and disruptive.  He should be held accountable for this.

Defendant may claim at sentencing that he is seeking to end his association with the AK and to start a new chapter of his life.  The Government hopes that is the case, but there is a lack

**GOVERNMENT'S SENTENCING MEMORANDUM - 4**

of evidence to back up this claim.  The paramount concern from the Government's standpoint is the protection of the public.  This sentencing goal justifies the Government's recommended high-end sentence.

       3.     <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.</u>

The Defendant should have used his time in custody to better himself and to gain an outlook necessary for him rejoin society as a productive citizen.  Instead, the Defendant decided to double down on his life of crime.  The fact that the joined this conspiracy while in prison shows that he had no respect for the law.  Only a significant guidelines sentence can promote respect for the law and provide just punishment to the Defendant.

The Defendant's earliest parole date is in three years.  The satisfaction date of his last state sentences is in 2038.  The outcome of his parole hearing is not knowable, but the Government asks the Court to consider that the Parole Commission may elect to turn the Defendant over to federal custody at its earliest opportunity.  This possibility highlights that a substantial guidelines sentence in this case is important to further the § 3553(a) sentencing goals.  Without a substantial guidelines sentence, the Defendant could receive a windfall from this case if he is released from IDOC.

       4.     <u>The need for the sentence imposed to afford adequate deterrence and to protect the public.</u>

The AK's activities extend well beyond the specific conduct of this Defendant.  Indeed, as noted, the AK's drug trafficking, extortion, and other crimes not only directly affect inmates touched by specific crimes, but also sets a dangerous tone throughout IDOC facilities.  A key purpose of this overall prosecution is to deter the AK, other gangs, and would-be members and affiliates of such groups.  The sentence for this Defendant can assist with this objective by

**GOVERNMENT'S SENTENCING MEMORANDUM - 5**

demonstrating that anyone who becomes a leader of a prison gang will be removed from the gang and punished further.

        B.    <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

The Government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  Nonetheless, "the Guidelines Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.  Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  A district court, however,

**GOVERNMENT'S SENTENCING MEMORANDUM - 6**

must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended guidelines sentence.  Accordingly, the Government recommends a within-guideline sentence of 262 months.

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence of 262 months for the Defendant's commission of the crime of Conspiracy to Participate in a Racketeering Enterprise, with the sentence in this case to run concurrent with the Defendant's sentences in Minidoka County case CR06-3188 and Cassia County case CR08-5654.  The Government submits that a sentence of 262 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 24th day of September, 2020.


BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Joshua D. Hurwit*
Joshua D. Hurwit
Francis J. Zebari
ASSISTANT UNITED STATES ATTORNEYS


**GOVERNMENT'S SENTENCING MEMORANDUM - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2020, the foregoing **UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| Craig Durham<br>*Attorney for Christopher Foss*<br>chd@fergusondurham.com | ☐ United States Mail, postage prepaid<br>☐ Fax<br>☒ ECF filing<br>☐ Email |

*/s/ Francis Zebari*
Assistant U.S. Attorney

**GOVERNMENT'S SENTENCING MEMORANDUM - 8**